# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs December 3, 2002

## STATE OF TENNESSEE v. MARTY W. STANFILL

### Direct Appeal from the Criminal Court for Davidson County
### No. 97-B-1320    Seth Norman, Judge

---

### No. M2002-00022-CCA-MR3-CD - Filed January 6, 2003

---

The defendant appeals the trial court's judgment ordering his eight-year drug sentence to run consecutively to a federal sentence. The trial court rejected the defendant's contention that, under Tennessee Rule of Criminal Procedure 32(c)(2), "good cause" existed to run the sentences concurrently. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

Thomas J. Drake, Jr., Nashville, Tennessee, for the appellant, Marty W. Stanfill.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Pamela Sue Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

This case was previously remanded to the trial court for its redetermination of whether the defendant's eight-year drug sentence should run concurrently or consecutively to a federal sentence under the guidelines of Rule 32(c)(2) of the Tennessee Rules of Criminal Procedure. *See* State v. Marty W. Stanfill, No. M1999-02492-CCA-R3-CD, 2000 Tenn. Crim. App. LEXIS 797 (Tenn. Crim. App. Oct. 4, 2000, at Nashville). Upon remand, the trial court determined that "good cause" had not been shown to run the sentences concurrently and, therefore, ordered consecutive sentencing. This appeal ensued.

## BACKGROUND

We garner the following background information from our prior opinion remanding the case and from the current record.

On March 1, 1997, officers discovered a large quantity of cocaine in the defendant's vehicle. The state grand jury indicted the defendant in case no. 97-B-1320 on June 27, 1997, and he was arraigned on July 16, 1997.

On July 22, 1997, while the defendant was on bond for the prior charge, local officers accompanied federal officers in serving a federal drug conspiracy indictment on the defendant at his apartment. The conspiracy was alleged to have occurred between October 1996 and July 1997. While serving the federal indictment, the officers discovered a large quantity of cocaine and a weapon. On November 13, 1998, the defendant pled guilty in federal court to the drug conspiracy charge and was sentenced to seventy months in the federal prison system.

On May 7, 1999, the state grand jury indicted the defendant in case no. 99-B-865 based upon the cocaine and weapon found during the July 22, 1997, incident.

On August 23, 1999, the defendant entered a plea of guilty to possession of cocaine with intent to sell in case no. 97-B-1320 committed on March 1, 1997. On the same date, he entered a plea of guilty to the drug and weapon charges in case no. 99-B-865 committed on July 22, 1997. The trial court ordered all state sentences to run concurrently with each other for an effective eight-year sentence. Furthermore, the trial court stated the eight-year sentence in case no. 97-B-1320 was "required" to run consecutively to the federal sentence.

On appeal, we remanded to the trial court. We noted that the trial court was not "required" to run the state sentence in case no. 97-B-1320 consecutively to the federal sentence, but rather had the discretionary authority to run the sentences concurrently for "good cause." Marty W. Stanfill, 2000 Tenn. Crim. App. LEXIS 797, at **9-10; *see* Tenn. R. Crim. P. 32(c)(2). We further noted that, although case no. 99-B-865 was not on appeal, the sentences in that case were illegal. The offenses in case no. 99-B-865 were committed while the defendant was on bail in case no. 97-B-1320, and, contrary to the judgments entered by the trial court, we noted the sentences in that case must run consecutively to the sentence in case no. 97-B-1320. *Id.* at *11; Tenn. R. Crim. P. 32(c)(3)(C).

Upon remand, the trial court rejected the defendant's contention that "good cause" existed to run the state sentence concurrently with the federal sentence.

## RESENTENCING TESTIMONY

At resentencing, the defendant testified he earned his GED diploma while in the federal prison system; he voluntarily completed a five-hundred-hour drug treatment program even though

he was not entitled to a reduction in his sentence because of his participation; he was a part of a special program to deter "delinquent kids" from further criminal activity; he has an outstanding work record in the prison system; and he has stable family support. On cross-examination, the defendant acknowledged that at the time of these offenses, he had become unemployed and resorted to selling drugs for his livelihood.

In its order, the trial court considered the positive aspects of the defendant's life since incarceration, but concluded the "severity of the acts for which the defendant stands convicted and the fact that one [of the state] charge[s] arose while the defendant was on bond for an earlier similar type charge" overcame the positive factors. The court declined to find "good cause" for concurrent sentencing.

## ANALYSIS

Rule 32(c)(2) of the Tennessee Rules of Criminal Procedure provides that if a defendant has been sentenced in federal court, "the sentence imposed shall be consecutive thereto unless the court shall determine in the exercise of its discretion that good cause exists to run the sentences concurrently and explicitly so orders." The determination of concurrent or consecutive sentencing is a matter left to the sound discretion of the trial court. State v. Blouvet, 965 S.W.2d 489, 495 (Tenn. Crim. App. 1997).

In the instant case, the trial court considered the positive factors but concluded the severe and extensive criminal drug activity, which continued while the defendant was on bail on this drug charge, outweighed the positive factors. The trial court found the defendant failed to establish "good cause" for concurrent sentencing. We are unable to conclude that the trial court abused its discretion in making this finding. *See* State v. Brown, 53 S.W.3d 264, 287 (Tenn. Crim. App. 2000) (noting positive factors during the defendant's incarceration were overcome by the defendant's extensive prior criminal drug activity, thereby affirming the defendant's failure to establish good cause to run the state sentence concurrently with the federal sentence).

We affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE